UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NOS:  10-03-DLB
                     13-20-DLB

UNITED STATES OF AMERICA,                                          PLAINTIFF,

V.                    **RECOMMENDED DISPOSITION**

GREG SCOTT GALLION,                                                DEFENDANT.

On October 18, 2016, the United States Probation Office submitted a report to the Court alleging that the Defendant had committed two alleged violations of his conditions of supervised release. He was arrested in Florida on a warrant issued in response to this report and made his initial appearance there, where he was detained for transport to this district for further proceedings. Then, on April 11, 2017, an addendum to the violation report was submitted outlining three additional violations.

On May 16, 2017, the Defendant appeared before the undersigned, expressed his desire to admit to all of the alleged violations, waived his right of allocution before the presiding District Judge, and exercised that right before the undersigned. The matter now stands submitted for the Court's consideration.

**HISTORY OF ALLEGED VIOLATIONS**

In the report of October 18, 2017, the United States Probation Officer set out the history and basis of two alleged violations. He states that he was unable to make contact with the Defendant despite attempts to contact Gallion, by phone, by certified letter and by an attempted home visit. In addition, the Officer stated that Gallion's landlord reported that the Defendant moved away from his reported residence one month earlier. As a result, Gallion was alleged to

be in violation of two conditions of his supervision:

(1) Standard Condition No. 2: The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer, a Grade C Violation; and

(2) Standard Condition No. 6: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment, a Grade C Violation.

As a result of these reported violations, the Court authorized the issuance of an arrest warrant for Gallion. That warrant was executed after the Defendant was found to be incarcerated in Florida following his guilty pleas to three counts of passing counterfeit checks. As a result of that additional criminal conduct, the United States Probation Office generated an addendum report outlining three additional violations of his supervision because he left this district without permission, committed additional crimes, and failed to report being arrested to the United States Probation Office:

(3) Supervised Release Condition: The defendant shall not commit another federal, state, or local crime, a Grade B Violation;

(4) Standard Condition #1: The defendant shall not leave the judicial district without the permission of the court or probation officer, a Grade C Violation, and

(5) Standard Condition #11: The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer, a Grade C Violation.

On May 16, 2017, the Defendant appeared before the undersigned to answer to the alleged violations. At that time, the Court appointed counsel to represent the Defendant. Then, after being advised of all applicable rights, including his right to remain silent, his right to the

assistance of counsel, and all rights to a final hearing, the Defendant tendered his plea of guilty to all violations in a knowing, intelligent and voluntary fashion. In doing so, Gallion admitted that he failed to report to probation as directed, left this judicial district without notifying the probation office, committed crimes of passing counterfeit checks in Florida, and failed to report his subsequent arrests. As the violations have been established by a preponderance of the evidence, the undersigned recommends that the Defendant be found guilty of all violations. The parties jointly asked that the Court consider imposing a sentence of incarceration for twelve months and one day, with no supervised release to follow. The Court will now consider that joint request in light of the factors appropriate to the determination of punishment.

## **SENTENCING RECOMMENDATION**

### I

In determining an appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for the factors that must be considered in order for a sentence to be properly calculated and imposed. That statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider –
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;

(4) the kinds of sentences and the sentencing ranges established...
(5) any pertinent policy statement...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## II

In considering the nature and circumstances of the instant offenses, and the Defendant's history and characteristics, the court finds the following particularly relevant.

Currently, the Defendant is a 56 year old male before the court upon violations of supervised release after being sentenced to fifty-one months imprison following his guilty plea to Unarmed Bark Robbery in violation of Title 18 U.S.C. § 2113. At sentencing, he was determined to have a criminal history of II based upon a 1997 conviction for Bank Robbery by Force or Violence in the United States District Courts, Southern District of Florida. However, in addition to this past conviction, the Defendant's criminal history reveals the following convictions: (1) In 1986, at the age of 25, he was convicted of offenses stemming from using worthless checks to obtain merchandise; (2) In 1986, at the age of 26, he was again convicted of offenses involving the use of forged checks; (3) In 1991, at the age of 31, he was convicted of Grand Theft, after fleeing a jewelry store with merchandise; (4) In 1996, at the age of 35, he was convicted of crimes involving uttering a forged instrument; (5) In 1997, at the age of 36, he was convicted of crimes involving the theft of goods and services, including Grand Theft; and (6) In 1997, he was again convicted of Grand Theft, after falsely representing his identity in order to purchase a new automobile. At the time of the pre-sentence report in this action, he was noted to have been in either state or federal custody much of his adult life, with intermittent

4

periods of employment.

**III**

The Court now turns to consideration of the next factors: the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

When weighed in light of his past continuing criminal conduct involving theft of goods and services, the Court can only find that the instant violations are simply current examples of a serious and longstanding pattern of crime. Prior efforts to curb this conduct appear to have been ineffective. During allocution in this case, an emotional Gallion could relate no identifiable reason why he was led to commit the instant violations, in fact stating "I don't know why I did it." He further expressed concern for the violations in light of his stated age of 56, indicating that he is "too old for this". The Court agrees that considering his age and criminal history, his level of education and functioning, he knows better. However, the Court finds that the most effective way of deterring criminal conduct, and protecting the public from further crimes, is to impose a sentence at the high end of the guidelines in this case. In addition, the parties express no need, and the Court finds none, to require provisions to provide for educational training or vocational training. In terms of his need for medical care, Gallion does experience some heart related difficulties, however, the Bureau of Prisons is well equipped to manage such conditions.

## IV
The kinds of sentences and the sentencing ranges available.

In this action, the most serious violation committed by Gallion is a Grade B Violation. Considering the severity of this violation in combination with his criminal history of II, the United States Sentencing Guidelines recommend a sentence of imprisonment of 6-12 months. The maximum term of imprisonment, however, that can be imposed upon revocation is 24 months, with not more that 36 months of supervised release to follow, less any term of imprisonment imposed upon revocation.

## **CONCLUSION**

As previously stated, the facts upon which the Court relies to recommend finding that the Defendant committed all alleged violations have been established by his own admission, and have been proven by a preponderance of the evidence. In addition, considering the Defendant's criminal past, as reflected in his criminal history and as revealed through his pervasive history of theft, the Court finds that the parties' joint recommendation regarding punishment is appropriate. The recommendation is slightly higher than the recommended guideline range and will ensure that the Defendant is incarcerated for a full twelve months. This sentence will be long enough to reflect the seriousness of the offenses committed, deter future criminal conduct and, in doing so, protect the public from further crimes.

In regard to future supervised release, it appears that all efforts by the United States Probation Office to assist Gallion to a successful and productive transition to public life have been expended. Further supervised release is not likely to provide any additional support that has not previously been provided. Therefore, the undersigned RECOMMENDS that the Defendant, Greg Scott Gallion be found to have committed all violations as alleged in the report

and addendum, that his supervision be REVOKED, and he be sentenced to twelve months and one day incarceration with no credit for time served and no supervised release to follow.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed May 18, 2017.



Signed By:
Edward B. Atkins
United States Magistrate Judge