**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CRIMINAL ACTION NO. 10-03-DLB-EBA
CRIMINAL ACTION NO. 13-20-DLB-EBA**

**UNITED STATES OF AMERICA**                                                            **PLAINTIFF**

**V.**         **ORDER ADOPTING REPORT AND RECOMMENDATION**

**GREG SCOTT GALLION**                                                                **DEFENDANT**

\*\*   \*\*   \*\*   \*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon the May 18, 2017 Report and Recommendation ("R&R") of United States Magistrate Judge Edward B. Atkins, wherein he recommends that the Court revoke Defendant Greg Gallion's supervised release. (Docs. # 39 in 10-cr-03 and # 34 in 13-cr-20). During the Final Revocation Hearing (Docs. # 38 in 10-cr-03 and # 33 in 13-cr-20), conducted by Judge Atkins on May 16, 2017, Defendant stipulated to violating the terms of his supervised release in both of the above cases, as set forth in the October 13, 2016 Violation Report (Docs. # 30-6 in 10-cr-03 and # 26-6 in 13-cr-20) and April 11, 2017 Addendum.

Defendant having executed a waiver of his right to allocution (Docs. # 37 in 10-cr-03 and # 32 in 13-cr-20), and having submitted an Objection to the R&R (Docs. # 40 in 10-cr-03 and # 35 in 13-cr-20), this matter is now ripe for the Court's consideration. Defendant objects to the Magistrate Judge's recommendation that Defendant be given "no credit for time served." (Doc. # 40 at 1; Doc. # 39 at 7). Specifically, Defendant contends that he is

1

entitled to credit for time served "from the time that he was released from the state of Florida to the custody of the U.S. Marshals." (Doc. # 40 at 1). 18 U.S.C. § 3585(b) entitles a defendant to credit against his federal sentence for time that is served "prior to the date the sentence commences" if that time "has not been credited against another sentence." Defendant was incarcerated in Florida prior to being released to the custody of the U.S. Marshals. (Doc. # 39 at 2). Thus, time credited towards his service of a state sentence may not also be credited toward his federal sentence. *See Nguyen v. Dep't of Justice*, 173 F.3d 429, 1999 WL 96740 (6th Cir. Feb. 3, 1999) (unpublished decision) (holding that time spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, while serving a state sentence, cannot be applied to a federal sentence because the time has been credited to the state sentence). For this reason, the Magistrate Judge's recommendation is consistent with Section 3585(b)'s instruction that credit is to be given only for time "that has not been credited against another sentence."

Moreover, it is the U.S. Attorney General, acting through the Bureau of Prisons ("BOP"), rather than a federal court, who has the authority to determine if a defendant is eligible for credit for time served in detention prior to sentencing. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). In *Wilson*, the United States Supreme Court explained that the district court is unable to determine the amount of the credit at sentencing and that, accordingly, the BOP must determine the appropriate amount as an administrative matter when imprisoning the defendant. *Id.* If the defendant wishes to contest the accuracy of the BOP's calculation, he may do so through administrative review with the BOP. *See* 28 C.F.R. §§ 542.10-542.16. Thus, Defendant's Objection is both premature and misplaced, as the BOP will determine whether Defendant is entitled to credit for time served.

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The Magistrate Judge's Report and Recommendation (Docs. # 39 in 10-cr-03 and # 34 in 13-cr-20) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2) Defendant's Objection to the Report and Recommendation is **OVERRULED**;

(3) Defendant is found to have **VIOLATED** the terms of his supervised release;

(4) Defendant's supervised release is hereby **REVOKED**;

(5) Defendant is sentenced to the **CUSTODY** of the Attorney General for a term of imprisonment to run concurrently in cases 0:10-cr-03 and 0:13-cr-20, for a total term of **twelve (12) months and one (1) day**, with **no supervised release** to follow; and

(6) A Judgment shall be entered concurrently herewith.

This 13th day of June, 2017.



K:\DATA\ORDERS\Ashland Criminal\2010\10-03 Order Adopting R&R re SRV.wpd